Nott, J.
The several questions made for the consideration of the eourt, are, 1st, Whether this is a good bond under the act ? 2nd, If it be not, whether it be a good bond at common law? 3rd, *460 not,, whether it can be taken advantage of by demurrer?
1st, The act of 1795, (2d Faust, 74.) inquires. the father to enter into recognizance, in the penal sum of sixty pounds, conditioned for the annual payment of five pounds, for the maintenance of said child, until the age of twelve years; and to save harmless the parish or cpnrity. A recognizance is. an obligation of record; (2 Black. 341.) and as the act has not declared to whom it shall be made payable, it must be made payable to the state; but the bond in this case, is made payable to the commissioners of the poor. The act requires the recognizance to be t( conditioned for the annual payment of five pounds, for the maintenance of the child.” In the present case, the penalty of the bond is for sixty pounds,, payable by twelve annual instalments of five pounds, every year.. The penalty of this bond, also declares, it to be ¥ for the citizens of the aforesaid district,” whereas, the act requires it to be ((for the maintenance of the child:”' so that neither the form of the bond, the persons to whom it is made payable, nor the uses for which the money is to be paid, are conformable to the act" Besid.es, the penalty of this, hond requires the defendant to pay five pounds a year, &e. and the condition declares the bond to be void u if he shall from time to' time, and at all times ¥ hereafter, fully and clearly indemnify and save ¥ harmless the above commissioners, and all the ¥ citizens of the said district, &c.” So that by the performance of this condition, he is, discharged froig *461 the payment of the five pounds annually, which is the principal thing required to he done by the act. This, therefore, cannot he a good bond under the act. Where an act of Assembly requires a thing to he done in a particular way, that way and that alone must be pursued. Rut every feature of the act is so distorted by this bond, that one would hardly suppose it had any relation to it.
2d, I do not think it a good bond at common law. If it had been voluntarily entered into, for the purpose of supporting this child, I should consider it a duty which the obligor was under a natural and moral obligation to perform ; and, therefore, a debt which he was legally bound to pay. But it appears on the face of it, that he was taken by virtue of a warrant from a magistrate, and compelled under colour of legal authority, to enter into a bond for purposes, which he was neither naturally nor morally bound to perform, As a bond, therefore, lam of opinion it is void.
3rd, I think it may well be taken ^advantage of on a demurrer. If the defendant had pleaded U variance between this bond and that required by the act, it would come to something at last. By craving oyer, he makes it a part of the declaration,. (1 Salk. 9.) And on a demurrer the coui’t will look through all the proceedings, and give judgment against him who has committed the first fault or; where the first defect is found. Judgment, therefore, in. *462 this case> must he giyen f°r the plaintiff in demurrer.
Note — Brevard, J. in a note to this case, in his MS. Reports, observes, that “ he was satisfied with the decision of the Constitutional Coart.”
Justices Colcock, Grimjke and Smith concurred.
Bay, J. dissented.